UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MELANIE FLETCHER : | |
| : | |
| v. : | C.A. No. 16-027S |
| : | |
| TRAC BUILDERS, INC., : | |
| et al. : | |

**MEMORANDUM AND ORDER**

Plaintiff filed this action against TRAC Builders and two of its officers on January 22, 2016. She worked as an Assistant Project Manager for TRAC Builders for several months in 2014 (March 31 to November 21). See Complaint/Answer at ¶¶ 10 and 14. She alleges that Defendants terminated her employment based on her gender and pregnancy in violation of state and federal anti-discrimination laws, failed to pay her overtime as required by the federal Fair Labor Standards Act and violated the federal Fair Pay and Equal Pay Acts by failing to provide her equal pay for substantially the same work as certain of her male counterparts. See ECF Doc. Nos. 1 and 17.

Due to Defendants' failure to respond to the Complaint in a timely fashion, Plaintiff moved for default on March 30, 2016. (ECF Doc. No. 8). Defendants responded to the Motion (ECF Doc. No. 10) and then filed their belated Answer on April 29, 2016. (ECF Doc. No. 13). Although Chief Judge Smith found that Plaintiff's Motion for Default was "not without merit," he denied the Motion but did not condone Defendants' "apparent disregard for the Federal Rules of Civil Procedure and its deadlines." (ECF Doc. No. 15 at p. 2). He also placed Defendants "on notice that future failures to abide by the Rules and schedules set by the Court could result in

further sanctions including assessment of Plaintiffs' costs and, if called for, entry of default." Id. The instant Motion requires the Court to determine if default is presently called for.

Plaintiff now moves for default based on Defendants' failure to comply with a Text Order requiring Defendants to serve Interrogatory Responses within seven days. (See ECF Doc. No. 44). The Text Order was entered on January 30, 2017 and granted a Discovery Motion (ECF Doc. No. 34) filed by Plaintiff to which Defendants filed no response in opposition.

A little context is necessary. Plaintiff served written Discovery Requests on October 17, 2016. On December 2, 2016, Plaintiff moved to compel, representing that Defendants had failed to provide any responses or objections, or to request an extension of time to respond. (Document No. 27).[1] Defendants filed a brief Objection (ECF Doc. No. 29) which was less than clear and was filed out of time.[2] Defendants' counsel attached a certification to the Motion which described Plaintiff's discovery requests as "patently unreasonable" and "acknowledge[ing] that narrative and further responses have been delayed for good cause, in large part due to the expansive extent of Plaintiff's disproportionate and unduly burdensome discovery requests, with formal and supplemental responses additionally delayed in material part by [Defendants'] counsel's personal constraints." (ECF Doc. No. 29-3).

On December 8, 2016, a hearing was held on a distinct discovery Motion related to a Document Subpoena served on Defendant TRAC's Accountant. (See ECF Doc. No. 27). Based on information obtained during that hearing and after reviewing Plaintiff's Motion to Compel directed at Defendants and the Objection thereto, the Court, on December 22, 2016, denied the

---

[1] Per Rule 33(b)(4), Fed. R. Civ. P., any ground for objecting to an interrogatory "not stated in a timely objection is waived unless the Court, for good cause, excuses the failure." Defendants have neither asked for such excusal or made a good cause showing.

[2] According to the ECF system, Defendants' Opposition was due on December 16, 2016 but not filed until December 19, 2016.

Motion without prejudice to renewal and ordered counsel to confer in good faith about Defendants' proportionality and duplication Objections, and after reviewing the documents obtained from the Accountant. On January 13, 2017, Plaintiff's counsel reasonably moved for reconsideration because the Order did not address the issue of Defendants' failure to provide Interrogatory Responses. (ECF Doc. No. 34). On the same day, Defendants' counsel moved for an extension until January 18, 2017 to respond to Plaintiff's Interrogatories. (ECF Doc. No. 33). On January 19, 2017, Defendants' counsel sought another two days to respond. (ECF Doc. No. 35). On January 25, 2017, he sought, after the fact, an additional five days to respond. (ECF Doc. No. 37). He shifted gears and began filing Notices of impending completion – two on February 8, 2017 and one on February 13, 2017. (ECF Doc. Nos. 41-43). There is no provision in the applicable Rules for the filing of such Notices.

Because Defendants never formally opposed the Motion for Reconsideration and filed a "Notice" on January 27, 2017 (ECF Doc. No. 39) indicating that "completion of remaining discovery production and compliance obligations shall be completed as expeditiously as possible and will be delivered to Plaintiff's counsel today," the Motion for Reconsideration was granted on January 30, 2017. Defendants were ordered to serve their Responses to Plaintiff's Interrogatories within seven days if they had not done so already. On February 8, 2017 (more than seven days later), Defendants filed another "Notice" providing, in part, that "interrogatory answer[s] are now being completed and will be emailed and hand delivered as early as possible today to Plaintiff's counsel." (ECF Doc. No. 42). On February 13, 2017, Defendants' counsel filed yet another "Notice" that "Defendant TRAC's Interrogatory answers are now being finalized and reviewed for accuracy by the signatory for TRAC and will be emailed and hand delivered as early as possible today to Plaintiff's counsel." (ECF Doc. No. 43). The instant

Motion for Sanctions was filed one week later on February 20, 2017 based in part on Plaintiff's counsel's contention that she had only received partial, unsigned Interrogatory Responses to date in violation of the Court's January 30, 2017 Order. (ECF Doc. No. 44).

On March 7, 2017, Defendants' counsel filed a "Reply in Opposition" to the instant Motion for Sanctions on behalf of the "Non-Corporate" Defendants, William Tracey and Nelson Ferreira. (ECF Doc. No. 47). He points out that the Interrogatories in question were directed solely at Defendant TRAC and thus there is "no colorable basis in fact or law" to sanction either of the "non-corporate" Defendants. Id. at p. 2. He also relies upon the "Reply in Objection" "to be filed" by Defendant TRAC. Id. The "Reply in Objection" was never filed on behalf of Defendant TRAC and thus the Motion for Sanctions is technically unopposed by Defendant TRAC.[3]

Plaintiff moves for sanctions pursuant to Rule 37(b)(2), Fed. R. Civ. P., for Defendants' failure to comply with the Court's January 30, 2017 Text Order requiring Defendants[4] to serve their Responses to Plaintiff's Interrogatories within seven days. (ECF Doc. No. 44). Plaintiff seeks the entry of default against Defendants pursuant to Rule 37(b)(2)(A)(vi), Fed. R. Civ. P., and/or other sanctions and relief.

Here, it is undisputable that Defendant TRAC did not serve its Interrogatory Responses within seven days of January 30, 2017 as Ordered. In fact, Defendants' counsel filed a "notice" on February 13, 2017 which indicates that the Interrogatory Answers were "now being finalized." (ECF Doc. No. 43). However, a month later, Plaintiff's counsel represented to the

---

[3] Although the Court is frustrated by this failure, it will not decide such a significant Motion on such grounds. Defendants' counsel appeared in opposition to the Motion on behalf of all Defendants at the April 13, 2017 hearing which the Court accepts as an Opposition on behalf of Defendant TRAC.

[4] Although the Interrogatories are directed at Defendant TRAC, interrogatories directed to a corporation must be answered by an officer or agent pursuant to Rule 33(b)(1)(B), Fed. R. Civ. P. Both Defendant Tracey and Defendant Ferreira are Corporate Officers of Defendant TRAC.

Court in a Reply Brief that Defendants' counsel sent her an email on February 24, 2017 indicating that she would get the remaining Interrogatory Answers the next day but that as of the date of her filing (March 13, 2017) "no further interrogatory answers have been received, nor have Defendants ever served properly signed answers to any of the Interrogatories propounded to TRAC." (ECF Doc. No. 48 at p. 2).

Having found that Defendants violated the January 30, 2017 Order, the remaining issue is the appropriate sanction for such violation. Plaintiff primarily seeks the sanction of default which is authorized by Rule 37(b)(2) and within the Court's broad case management discretion. See Damiani v. Rhode Island Hospital, 704 F.2d 12 (1st Cir. 1983). On balance, the Court finds that the facts and circumstances of this case do not warrant the harsh sanction of default.

First, the sanction of default, i.e., liability, would fall most harshly on Defendants – a corporation and two of its officers – who would be liable for any assessed damages. Here, there is no basis in the record to conclude that the delay in providing interrogatory answers was attributable to the conduct of Defendants. Rather, it appears that the failure is primarily attributable to Defendants' counsel.[5] He has exhibited an inability in this case to manage and meet his discovery deadlines and obligations. Unfortunately, he had similar struggles in the past in another case (Carrera v. The Red Parrot, C.A. No. 13-326S) which was dismissed by this Court on July 31, 2015 for, inter alia, delays in meeting discovery obligations and noncompliance with a discovery Order. This suggests to the Court that the fault of the delay and

---

[5] In a January 25, 2017 Motion for Extension of Time (ECF Doc. No. 37), Defendants' counsel represented to the Court that he has received "full cooperation and prompt and timely responses to all questions and information requests posed to the Defendants." (ECF Doc. No. 37 at p. 1). He described his work on Plaintiff's discovery responses as "extensive and unfortunately characteristically slow." Id. He has explained his delays as being due "to the press of other matters," as well his own "personal circumstances" and "medical difficulties." (ECF Doc. No. 35 at p. 1; and ECF Doc. No. 33 at p. 10).

noncompliance lies with Defendants' counsel and not Defendants.  Accordingly, the requested sanction of default under Rule 37(b)(2)(A) is not an appropriate one under these circumstances.

Rule 37(b)(2)(C), Fed. R. Civ. P., provides that "[i]nstead of or in addition to the [sanction] orders above, the court <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (emphasis added).  Here, Defendants have not shown that the failure was substantially justified or that an award of expenses would otherwise be unjust.  Further, as previously discussed, it reasonably appears that the failure is primarily attributed to the conduct of Defendants' counsel.  Accordingly, the Court orders Defendants' counsel to pay the reasonable expenses incurred by Plaintiff's counsel to secure the Interrogatory Responses in issue.

Defendants' counsel has repeatedly failed to meet his own self-imposed deadlines to provide discovery.  <u>See</u> <u>Tower Ventures, Inc. v. City of Westfield</u>, 296 F.3d 43, 47 (1st Cir. 2002) ("[w]hen a litigant seeks an extension of time and proposes a compliance date, the court is entitled to expect that the litigant will meet its self-imposed deadline").  He has used intemperate language[6] in reference to his evaluation of Plaintiff's claims.  He has repeatedly asserted that none of Plaintiff's claims state a valid legal claim, yet he has never filed a motion under either Rule 12(b)(6) or 12(c) to attack such claims.  In fact, in opposing Plaintiff's request for default on April 19, 2016, Defendants' counsel requested that entry of default be stayed "[p]ending adjudication of the Defendants' forthcoming Motion to Dismiss."  (ECF Doc. No. 10 at p. 1).

---

[6] He has described Plaintiff's allegations as "fraudulent," the Complaint filed by Plaintiff's counsel as "baseless and vexatious," and has attributed "bad faith" and "extortionate" motives to the filing of this action.

The "forthcoming" motion has never been filed by Defendants.[7] In fact, the only motions filed to date by Defendants' counsel have been various, non-substantive motions to extend time.

A similar theme has been seen with regard to Defendants' counsel's position on discovery. He has repeatedly described Plaintiff's discovery requests as unduly burdensome and disproportionate. He has argued that they warrant a protective order but has never filed a motion seeking such relief. (See ECF Doc. No. 29 at p. 1). He has failed to tender responses and objections to discovery in a timely fashion, leading to unproductive motion practice. Finally, Plaintiff's counsel represents in a recent filing that Defendants have served no interrogatories or document requests upon Plaintiff prior to the close of fact discovery. (ECF Doc. No. 68 at p. 3).

For the foregoing reasons, Plaintiff's Motion for Entry of Default and/or Other Sanctions (ECF Doc. No. 44) is DENIED as to the request for default but GRANTED as to the request for an award of reasonable expenses under Rule 37(b)(2)(C) to be paid by Defendants' counsel. Plaintiff shall file a properly supported application for such expenses within fourteen days. In addition, Defendants' counsel is Ordered to provide a copy of this Order to Mr. Tracey and Mr. Ferreira, and to file a certification that this was promptly done.

SO ORDERED

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 24, 2017

---

[7] The only claims dismissed in this case were the result of a motion for voluntary dismissal filed by Plaintiff's counsel after the Court sua sponte questioned the legal viability of Counts I and II as to the Individual Defendants at a hearing held on April 13, 2017. (See ECF Doc. Nos. 51, 56 and 65).